IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>22 PLAZA SQUARE LLC; and JULIAN HERNANDEZ, dba TWO'S COMPANY CAFÉ,<br><br>Defendants. | **Case No.** 26-cv-217<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER complains of 22 PLAZA SQUARE LLC; and JULIAN HERNANDEZ, dba TWO'S COMPANY CAFÉ as follows:

## SUMMARY

1. This is a civil rights action by plaintiff JAMES ALGER ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Two's Company Café, located at 22 Plaza Square, Orange, CA 92866 (hereinafter, "Two's Company Café"),

2. Plaintiff's claims arise out of his visit to Two's Company Café in January 2026. Plaintiff seeks injunctive relief, damages, attorney fees, costs, and litigation expense against Defendants 22 PLAZA SQUARE LLC; and JULIAN HERNANDEZ, dba TWO'S COMPANY CAFÉ, the owners, operators, lessors, or lessees, of Two's Company Café, pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.), the Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.), the California Disabled Persons Act (Cal. Civ. Code § 54, et seq.), and the California Health and Safety Code, § 19955 et seq.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled Persons Act.

4. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

**PARTIES**

5. Plaintiff is, and at all times relevant hereto was, a qualified individual with a physical disability as defined by 42 U.S.C. § 12102, Cal. Civ. Code §§ 51, et. seq., 52, et. seq., the California Disabled Persons Act, §§ 54, et seq., California Government Code §§ 12926, 12926.1, 11135, and other statutory measures that refer to the protection of the rights of "physically disabled persons." At all relevant times to this Complaint, Plaintiff is and was substantially limited in his ability to walk due to progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which substantially limits major life activities such as walking and performing tasks that require fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility.

6. Upon information and belief, Defendants 22 PLAZA SQUARE LLC; and JULIAN HERNANDEZ, dba TWO'S COMPANY CAFÉ are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and building at Two's Company Café.

7. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

8. Two's Company Café is a facility open to the public, a place of public accommodation, and a business establishment. It is subject to the requirement of 42 U.S.C. § 12181(7) and California Civil Code §§51, 51.5 and 54, et seq.

9. Plaintiff is informed and believes and thereon alleges that the subject facilities underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with federal and California access standards applied at the time of each such new alteration.

10. On January 18, 2026, Plaintiff was in the area visiting nearby antique stores when he attempted to dine at Two's Company Café. This proved impossible for two reasons. First, Plaintiff was unable to enter the café to place an order because steps at the entrance prevented access with his mobility scooter. Although a sign near the entrance stated, "If You Need Help Let Us Know We Will Take Your Order Outside," there was no buzzer or other method by which Plaintiff could alert staff to request assistance without making a scene. Second, even if staff had been able to assist him outside, Plaintiff was unable to dine outdoors like other patrons because none of the exterior tables were accessible. The tables did not provide adequate depth to accommodate Plaintiff's mobility scooter due to the presence of a center pedestal that obstructed access.[1] As a result, Plaintiff was unable to dine at the café and left feeling frustrated and excluded.

11. The wrongful conduct of Defendants, did cause irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the 1991 and/or 2010 ADA Standards for Accessible Design and/or California Title 24 Building code requirements, and/or

[1] When using his mobility scooter, Plaintiff pulls next to the table, rotates the chair 90 degrees and then "parallel parks."

other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of said barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 and other similar rules, ordinances, regulations, statutes, and requirements, either then, now, or in the future.

12. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

1) No exterior accessible seating provided in violation of 1991 ADA Standards for Accessible Design ("1991 Standards"), §§ 4.1.3(18), and 4.32, the 2010 ADA Standards for Accessible Design ("2010 Standards"), §§ 226.1, 226.2 and 902; and the California Building Code ("CBC"), 11B-226.1, and 11B-226.2.
2) No accessible entrance due to steps, obstructed ISA sign, and lack of call/buzzer system for assistance in violation of 1991 Standards, §§ 4.1.3(8) (accessible entrance) and 4.30.6 (directional signage); 2010 Standards, §§ 206.4 (accessible entrances); and 216.6 (directional signage); and CBC, 11B-206.4 and 11B-216.6.
3) Steps at entrance lack handrails in violation of 1991 Standards, § 4.9; 2010 Standards, § 505, and CBC, 11B-505.
4) No accessible restroom provided in violation of 1991 Standards, § 4.1.3(11) (toilet facilities), 2010 Standards, §§ 213 (toilet facilities) and 206.2 (accessible route); and CBC 11B-213 (where toilet facilities are provided, they must be accessible), and 11B-206.2 (accessible route to toilet rooms).

13. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

14. Plaintiff is deterred from returning to the Two's Company Café as long as it remains inaccessible to him. He will return to dine at Two's Company Café if it is made accessible.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

**(Against all Defendants and each of them)**

15. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

16. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

17. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

18. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

19. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

d. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

20. Plaintiff alleges on information and belief that Two's Company Café was altered after January 26, 1992 -- independently triggering access requirements under Title III of the ADA.

21. Here, Defendants violated the ADA by altering the Two's Company Café in a manner that did not comply with federal disability access standards even though it was practicable to do so.

22. Moreover, 28 CFR § 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by failing to ensure that the accessible features at Two's Company Café are adequately maintained.

23. Regardless of the construction and alteration history of the subject premises, the removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA. The removal of the architectural barriers identified at the subject premises is readily achievable within the meaning of the ADA. The barriers involve common and well-defined accessibility elements, including lack of accessible exterior seating, the lack of an accessible entrance, missing handrails at entrance steps, and the absence of an accessible restroom. The corrective measures consist of low to moderate cost modifications that are readily available and can be implemented without significant difficulty or expense or disruption to business operations. To the extent Defendants contend that structural or financial constraints prevent provision of a permanent accessible entrance or on site accessible restroom, readily achievable alternative measures such as the use of a compliant portable ramp, clearly visible signage directing patrons to request assistance, and a buzzer or call device to summon staff for deployment of the portable ramp, or a written and enforceable agreement with an immediately adjacent establishment granting patrons access to an accessible restroom during all operating hours with clear directional signage are available and required. Upon information and belief, Defendants also possess the financial resources necessary to implement these readily achievable measures. The benefits of removing these barriers are substantial, as the existing conditions deny individuals with mobility disabilities

independent, safe, and equal access to Defendants' goods and services, and those benefits far outweigh the minimal costs of remediation.

24. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code §§ 51 et seq.]**

**(Against all Defendants and each of them)**

25. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

26. The Two's Company Café is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

27. Defendants are the owners and/or operators of a business establishment.

28. Defendants violated the Unruh Act by their acts and omissions:

a. Failure to alter the Two's Company Café in compliance with state building code and state architectural requirements ("CBC");

b. Failure to remove known barriers to access at the Two's Company Café;

c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages,

facilities, privileges, or services of the Two's Company Café;

d. Failure to maintain accessible features in violation of CBC 11B-108;

e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

29. Plaintiff has experienced barriers to access at the Two's Company Café, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code § 55.56(c). Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

30. On information and belief, the Two's Company Café is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

31. These barriers to access render the Two's Company Café inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

32. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

33. On information and belief, the access to Two's Company Café has not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long

as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

34. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

35. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

**(Against all Defendants and each of them)**

36. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

37. The Two's Company Café is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

38. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets,

highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civil Code § 54.

39. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).

40. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, Cal. Civil Code § 54.1(d).

41. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

a. Failure to alter the Two's Company Café in compliance with the CBC;
b. Failure to remove known barriers to access at the Two's Company Café;
c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Two's Company Café;
d. Failure to maintain accessible features in violation of CBC 11B-108; and
e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

42. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages.

WHEREFORE, Plaintiff requests relief as outlined below.[2]

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

**(Against all Defendants and each of them)**

43. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

44. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

45. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

46. On information and belief, portions of Two's Company Café and/or of

---

[2] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Two's Company Café and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Two's Company Café to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

47. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Two's Company Café and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

48. On information and belief, at the time of the modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

49. Two's Company Café is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

50. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the Two's Company Café to make it "accessible to and useable by" mobility disabled persons; failing to alter the Two's Company Café in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. To provide reasonable accommodation for persons with disabilities at the Two's Company Café;

c. To ensure that persons with disabilities are not denied equal benefits at the Two's Company Café;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without

limitation, the removal of all barriers to access where "readily achievable;"

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Two's Company Café; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Two's Company Café.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: January 28, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*

By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 28, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*

By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER